# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| KYLE LUTZ | Case Number: 12-CR-168 |
| | USM Number: 07971-090 |

Date of Original Judgment: May 8, 2013
(Or Date of Last Amended Judgment)

Michael Lieberman
Defendant's Attorney
Julie Pfluger
Assistant United States Attorney

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed.R.Crim.P.35(b))
☐ Correction of Sentence by Sentencing Court (Fed.R.Crim.P.35(c))
☒ Correction of Sentence for Clerical Mistake (Fed.R.Crim.P.36)

☐ Modification of Supervision Conditions (18 U.S.C. § 3563(c) or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court Pursuant to  ☐ 28 U.S.C. § 2255 or
   ☐ 18 U.S.C. § 3559(c)(7)
☐ Modification of Restitution Order(18 U.S.C. § 3664)

THE DEFENDANT:

☒ pleaded guilty to count one of the indictment.

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 2251(a) | production of child pornography | 10/21/12 | 1 |

The defendant is sentenced as provided in Pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count 2-7 are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and the United States attorney of material changes in economic circumstances.

May 3, 2013
Date of Imposition of Judgment
/s Lynn Adelman

Signature of Judicial Officer
Lynn Adelman, District Judge
Name & Title of Judicial Officer
May 9, 2013
Date

AO 245C  (Rev. 06/05) Amended Judgment in a Criminal Case:
    Sheet 2 - Imprisonment

Defendant:     **KYLE LUTZ**
Case Number:   12-CR-168

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of : **180 months to run concurrent with any sentence imposed in Jefferson County Circuit Court case number 12CF427.***

☒ The court makes the following recommendations to the Bureau of Prisons: The court recommends placement at a facility close to the defendant's home.  The court also recommends that he participate in substance abuse treatment, and that he receive a mental health and sex offender specific evaluation and treatment and that the information be forwarded to the probation office.  The court further recommends that he receive prerelease placement in a residential reentry center with work release privileges.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district.

  ☐ at _____ ☐ a.m. ☐ p.m. on _____

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons,

  ☐ before 2 p.m. on _____ .

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
a _____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____

DEPUTY UNITED STATES MARSHAL

AO 245C (Rev. 06/05) Amended Judgment in a Criminal Case:
    Sheet 3 - Supervised Release

Defendant: **KYLE LUTZ**
Case Number: 12-CR-168

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of : **15 years.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- ☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or a restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notification and to confirm the defendant's compliance with such notification requirement.

AO 245C (Rev. 06/05) Amended Judgment in a Criminal Case:
    Sheet 3A - Supervised Release

Defendant: **KYLE LUTZ**
Case Number: 12-CR-168

## ADDITIONAL SUPERVISED RELEASE TERMS

Defendant shall provide the supervising U.S. probation officer any and all requested financial information, including copies of state and federal tax returns.

Defendant shall refrain from incurring new credit charges, opening additional lines of credit or opening other financial accounts without the prior approval of the supervising U.S. probation officer.

Defendant shall submit his person, property, house, residence, papers, vehicle, computers, or other electronic communications, data storage device, or media, or office to a search conducted by a U.S. probation officer at a reasonable time and in a reasonable manner, whenever the probation officer has reasonable suspicion of contraband or of the violation of a condition of release; failure to submit to a search may be a ground for revocation; defendant shall warn any other residents that the premises he is occupying may be subject to searches pursuant to this condition.

Defendant shall not enter any establishment whose primary business is the sale of alcoholic beverages.

Defendant shall participate in mental health referral, assessment and treatment as approved by the supervising U.S. probation officer and comply with all rules, regulations and recommendations of the mental health agency or its representative to the extent approved by the supervising U.S. probation officer. Defendant shall take any medications prescribed by a licensed medical provider. Defendant shall be required to obtain his own funding for services.

Defendant shall abstain from the use of alcohol and illegal drugs and from association with drug users and sellers and participate in substance abuse treatment. Defendant shall submit to drug testing beginning within 15 days of his release and 60 drug tests annually thereafter. The probation office may utilize the Administrative Office of the U.S. Courts' phased collection process.

Defendant shall provide the supervising U.S. probation officer advance notification of any devices associated with or falling within the general category of information technology (IT) that produce, manipulate, store, communicate or disseminate information and that he will use during the term of supervision. The probation office is authorized to install any application as necessary on any such devices owned or operated by defendant and shall randomly monitor those media. Defendant shall consent to and cooperate with unannounced examinations of any technological equipment owned or used by him, including but not limited to retrieval and copying of all data from all information technology devices and any internal or external peripherals. The examinations may involve removal of such equipment for the purpose of conducting examination.

Defendant shall not own, use or have access to the services of any commercial mail-receiving agency or open or maintain a post office box without the prior approval of the supervising U.S. probation officer.

Defendant shall not associate with any person under the age of 18 or have verbal, written, telephonic or electronic communication with any such person, except with the express permission of the minor's parent or legal guardian or the supervising U.S. probation officer. This provision does not include persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., with whom defendant must deal in order to obtain ordinary and usual commercial services.

Defendant shall not work in any occupation, business or profession, or participate in any volunteer activity where he has access to children under the age of 18 without the prior approval of the supervising U.S. probation officer.

Defendant shall comply with the requirements of the Sex Offender Registration and Notification Act as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he resides, works, is a student or was convicted of a qualifying offense.

Defendant shall undergo a psychosexual evaluation, which may involve use of Abel Screen and polygraph or plethysmograph examinations, or similar technology, as approved by the supervising U.S. probation officer. Defendant shall participate in and successfully
complete an outpatient sex offender counseling program if recommended by the evaluator,
as approved by the supervising U.S. probation officer. Defendant shall follow all restrictions and treatment requirements of the program. Defendant shall allow reciprocal release of information between the supervising U.S. probation officer and the treatment provider.

Defendant shall have no contact with the victim in person, through written or electronic communication, or through a third party, unless authorized by the supervising U.S. probation officer. Defendant shall not enter the premises or loiter within 1,000 feet of the victim's residence or place of employment.

AO 245C (Rev 06/05) Amended Judgment in a Criminal Case:
    Sheet 5 - Criminal Monetary Penalties

Defendant: **KYLE LUTZ**
Case Number: 12-CR-168

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals:** | $100.00 | $ | $ |

☒ The determination of restitution is deferred until 7/11/13. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| **Totals:** | $ | $ | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    ☐ the interest requirement is waived for the     ☐ fine     ☐ restitution.

    ☐ the interest requirement for the     ☐ fine     ☐ restitution is modified as follows:

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev 06/05) Amended Judgment in a Criminal Case:
Sheet 6 - Schedule of Payments

Defendant: **KYLE LUTZ**
Case Number: 12-CR-168

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A**  ☒  Lump sum payment of $100.00 due immediately, balance due

☐ not later than _____ , or

☐ in accordance ☐ C, ☐ D, ☐ E or ☐ F below; or

**B**  ☐  Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprison-ment to a term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several
Defendant and Co-Defendant Names, Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.